TURNER'S ESTATE v. HELVERING, Commissioner of Internal Revenue.

No. 5903.

Court of Appeals of the District of Columbia.

Argued Dec. 5, 1933.

Decided Jan. 2, 1934.

James Craig Peacock and J. W. Townsend, both of Washington, D. C., for appellant.

G. A. Youngquist, C. M. Charest, S. S. Faulkner, Sewall Key, and J. P. Jackson, Sp. Assts. to Atty. Gen., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a decision of the Board of Tax Appeals involving income taxes for the year 1928. As appears below, we do not find it necessary to consider the legality of the assessments in question, for the reason that in our opinion this court is without jurisdiction to entertain the appeal.

It appears that the taxpayer, Richard B. Turner, was an inhabitant of Chester, Pa., which is located within the third judicial circuit. The taxpayer made this return for income taxes in the year 1928 at the office of a collector within that circuit. A deficiency notice was sent to him by the Commissioner during his lifetime, whereupon he appealed to the Board of Tax Appeals.

On a day prior to the hearing of the appeal by the board, the taxpayer departed this life, and James L. Rankin was duly appointed by the orphans' court of Delaware county, Pa., as sole executor of the decedent's estate. Upon notice of the death of the taxpayer, the Board of Tax Appeals first entered an order substituting the executor as appellant in place of decedent. Afterwards, however, this order was vacated, and the board ordered that "the caption of the petition" should read "Estate of Richard B. Tur-

ner, Deceased." The board having sustained the Commissioner's determination, an appeal was taken to this court with the name of "Estate of Richard B. Turner, Deceased," as appellant.

It is the Commissioner's contention that the appeal should be dismissed, first, because the "Estate of Richard B. Turner, Deceased" is not a legal personality and is not a proper party before the court, and, second, that this court is without jurisdiction to entertain the appeal.

We do not find it necessary to consider the first of these contentions for in our opinion the second is plainly decisive of the case. We think that the appeal should have been filed in the Circuit Court of Appeals of the Third Circuit, inasmuch as the taxpayer was an inhabitant of that circuit in his lifetime and to the time of his death, and the office of the collector to whom the return was made was located in that circuit, and in view of the fact that no stipulation was entered into between the Commissioner and the taxpayer that the case should be heard in this court.

This question is controlled by section 1002 of the Revenue Act of 1926 (26 USCA § 1225 (a, b, d), which reads in part as follows:

"Sec. 1002. Such decision may be reviewed—

"(a) In the case of an individual, by the Circuit Court of Appeals for the circuit whereof he is an inhabitant, or if not an inhabitant of any circuit, then by the Court of Appeals of the District of Columbia.

"(b) In the case of a person (other than an individual), * * * by the Circuit Court of Appeals for the circuit in which is located the office of the collector to whom such person made the return, or in case such person made no return, then by the Court of Appeals of the District of Columbia.

"(d) In the case of an agreement between the commissioner and the taxpayer, then by the Circuit Court of Appeals for the circuit, or the Court of Appeals of the District of Columbia, as stipulated in such agreement."

Had the taxpayer survived the decision of the Board of Tax Appeals and desired to appeal therefrom, his appeal indisputably would have been taken to the Circuit Court of Appeals of the Third Circuit, for he was an inhabitant of that circuit. Furthermore, if after his decease the Board of Tax Appeals had revived the case in the name of the taxpayer's executor and the executor had taken the appeal, he too would have lodged the appeal with the Circuit Court of Appeals of the Third Circuit for he too was an inhabitant of that circuit.

However, it is argued in behalf of appellant that inasmuch as the present appeal was taken under the title of "Estate of Richard B. Turner, Deceased," the venue of the appeal must vest in the Court of Appeals of the District of Columbia under subsection (b) of section 1002, supra, upon the ground that the estate of the deceased taxpayer as such had made no income tax return, and consequently under the provisions of that subsection jurisdiction of such appeal would vest in this court. We cannot agree with this contention, for it cannot be the purpose of the statute to change the proper venue of such an appeal by using the title "Estate of Richard B. Turner, Deceased" as appellant, instead of the name of the executor who is the real party in interest as representative of the estate. It is true that neither the estate nor the executor had made any return, but the return made by the decedent in his lifetime served to remove the case from the provision in subsection (b) relating to persons making no return. Therefore under whatever name the appeal is taken, it is in substance and effect an appeal taken upon a return made by an inhabitant of the Third Circuit. Therefore, according to subsection (a) of section 1002, supra, the appeal should have been taken to the Circuit Court of Appeals of the Third Circuit.

In the case of Rusk v. Commissioner, 53 F. (2d) 428, 430 (C. C. A. 7th), the taxpayer who was an inhabitant of the Seventh Judicial Circuit, after taking an appeal to the Board of Tax Appeals died and her executors were substituted as appellants before the board. The executors also resided within the Seventh Circuit. The executors took an appeal from the Board's decision to the Circuit Court of Appeals of the Seventh Circuit wherein the taxpayer had resided up to the time of her death and wherein her executors resided at the time of the appeal. It was argued that the court was without jurisdiction, inasmuch as the taxpayer died prior to the date of the hearing by the Board of Tax Appeals, that she could not therefore be considered as an inhabitant of the circuit at the time of the hearing, and the Court of Appeals of the District of Columbia would have exclusive jurisdiction of the appeal. The court overruled this contention and said:

"With this contention we cannot agree.

Of course, at the time of the hearing Mrs. Rusk had no earthly habitation, but the situs of her property was still in this circuit, and her executors, who are now petitioners, are residents of this circuit. We see no reason why the word 'individual' as used in the first clause of 1002 (a), supra, should not be construed to refer to the executors as well as to decedent; for, while they are acting in their official capacity as executors, they are nevertheless individuals. It is inconceivable that Congress intended that the Court of Appeals of the District of Columbia should have exclusive jurisdiction of all petitions for review of orders of the Board of Tax Appeals where taxpayer dies prior to the hearing by the Board and such hearing is afterwards prosecuted by the executors of such estate."

In the case of Matheson v. Commissioner of Internal Revenue, 54 F.(2d) 537, 538 (C. C. A. 2d), the taxpayer maintained a residence in the state of New York and also a residence in the state of Florida. He filed his income tax returns in the office of the Collector of Internal Revenue within the second circuit. The Commissioner assessed a deficiency and he appealed to the Board of Tax Appeals. While that proceeding was pending, he died, and the executors of his will were substituted as parties to the proceeding. Because of the fact that the taxpayer died before his appeal from the decision of the Board of Tax Appeals was taken and his executors were inhabitants of different districts, it was claimed that the appeal under the statute was taken by a person who was not an inhabitant of any district and therefore must be taken to the Court of Appeals of the District of Columbia. The court, however, held that after the death of the taxpayer his executors became the real parties in interest, citing McNutt v. Bland, 2 How. 9, 11 L. Ed. 159. Each executor could therefore take an appeal to the Court of Appeals of the circuit whereof he was an inhabitant and therefore the appeal in the present case might lie either to the Court of Appeals of the Second or Fifth Circuits, citing Rusk v. Commissioner, supra. The court said:

"The words of section 1002 (a) providing that appeals by individuals who are not inhabitants of any circuit should be taken to the Court of Appeals of the District of Columbia apparently relate to persons living outside of any circuit, and cannot reasonably be thought to cover resident taxpayers who die leaving executors living within one of the circuits. The burden of requiring representatives of such estates to proceed to Washington to have their appeals heard should not be imposed without the plainest language. We think the appeal was properly taken."

We are of the opinion, therefore, that the present appeal should have been taken to the Court of Appeals of the Third Circuit and not to this court. The appeal is therefore dismissed for want of jurisdiction.