## AYER et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 281.

Circuit Court of Appeals, Second Circuit.
Feb. 14, 1933.

James Craig Peacock, of Washington, D. C., for appellant.

G. A. Youngquist, Asst. Atty. Gen., and John H. McEvers and Sewall Key, Sp. Assts. to Atty. Gen., of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Dean P. Kimball, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

Frederick Ayer, a resident and inhabitant of Massachusetts, died in 1918, by his will appointing the three petitioners his executors. They qualified, but his estate was so delayed in administration, that during the year 1925 they were still holding it as such. They filed an income tax return as executors for that year in the District of Massachusetts, on which the Commissioner later assessed a deficiency, at a time when they had been discharged as executors, and had taken over the estate as trustees. As such trustees they filed a petition with the Board of Tax Appeals to review the deficiency, which the Board reduced, but fixed at $1,492.26. This order was entered on September 24, 1932, and on November first of that year the petitioners as executors and trustees filed this petition to review the order of the Board. At that time two of them were residents and inhabitants of Massachusetts, and the third, a resident and inhabitant of New York.

We think that this court has no jurisdiction over the case. Section 1002 (a) of the Revenue Act of 1926 (26 USCA § 1225 (a) provides that "in the case of an individual," the decision of the Board shall be reviewed by "the Circuit Court of Appeals * * * whereof he is an inhabitant, or if not an inhabitant of any circuit," then by the Court of Appeals of the District of Columbia. Section 1002 (b), 26 USCA § 1225 (b), provides for review "in the case of a person (other than an individual) * * * by the Circuit Court of Appeals for the circuit in which is located the office of the collector to whom such person made the return, or in case such person made no return, then by the Court of Appeals of the District of Columbia." The word, "person," is defined in section 2 of the act as meaning "an individual, a trust or estate, a partnership or a corporation." Thus section 1002 (b) is to be construed as though it read "in case of a trust or estate, a partnership or a corporation," and as this is the case of an "estate," the only circuit in which the petition should have been filed was that in which the "estate" petitioning had filed its return. That was Massachusetts, and the First Circuit alone had jurisdiction.

The petitioners argue that this result is forbidden by section 225 (b) of the Revenue Act of 1926 (26 USCA § 966 (b), which provides for returns by fiduciaries of which an executor is one, section 200 (b), of the act (26 USCA § 931 (b). The concluding language of section 225 (b) on which they rely is: "Any fiduciary required to make a return under this chapter shall be subject to all the provisions of this chapter which apply to individuals." It seems to us clear that this cannot be taken as cutting down the explicit provision for appeals from the Board of Tax Appeals. Fiduciaries are indeed to file returns as individuals, and be in general subject to the same procedure as they, but the distinction between an "individual" and any "person other than an individual," made by sections 1002 (a) and 1002 (b) is too particular not to prevail against that general provision. The place where an "estate's" return is to be filed is the residence of the executor, section 227 (b), 26 USCA § 967 (b), though if there are more than one, any one of them may select his own residence for that purpose, subject to the Commissioner's regulations, section 225 (b), 26 USCA § 966 (b). But it was apparently intended that, having once selected the place where the return should be filed, the option was at an end; fiduciaries must review the tax there; they were not free thereafter to go to another circuit which might seem more favorable or convenient, even though one of them lived there.

We are pressed with our decision in Matheson v. Com'r, 54 F.(2d) 537, and that of the Seventh Circuit in Rusk v. Com'r (C. C. A.) 53 F.(2d) 428. In the first of these

the testator had filed his return where he lived, and had died after filing a petition of review with the Board. After its decision the executors filed their petition in the circuit where the return had been filed and where one of them lived. The argument of the Treasury was that as the executors lived in several circuits, they were not collectively inhabitants of any circuit, and must go to the District of Columbia; and this we rejected. It is to be observed that it was not possible to bring such a situation within the first clause of section 1002 (b), because the executors had not filed any return, as they have in the case at bar. Moreover, it would have been a perversion of the intent of the words to apply to them the last clause of that subdivision. A literal reading would result in holding that although the taxpayer had filed his return with the collector where he resided, even his single executor, also resident in the same district, must go to the District of Columbia to review the Board's decision, because he had "made no return." That would certainly have upset the plan of section 1002, as a whole, which made residence or filing the test of jurisdiction. Thus we had either to hold that subdivision (a) applied when the taxpayer had filed the return and died pending appeal to the Board, or there was no right of appeal at all, except one which misapplied the whole scheme of the act. In that emergency we used section 1002 (a), saying that the executors were pro hac vice "individuals." In effect what we did was to treat both proceedings to review the Commissioner as single, and allow a revivor when the original appellant died during the first appeal. In Rusk v. Com'r (C. C. A.) 53 F.(2d) 428, supra, the taxpayer died after filing a petition to review the Board's decision. That was strictly a revivor.

Here, however, section 1002 (b) applies in full; the petitioners filed the return in Massachusetts; they were "persons (other than individuals)." Unless we are to construe the section as covering such a case, it applies only to corporations, for partnerships as such are not taxed except for other profits, and can ordinarily have no deficiencies to review. If all that was meant was to provide for review by corporations, it was extraordinary not to name them, and to describe them by so cumbersome a locution. We conclude therefore that the petition was filed in the wrong circuit, and that we have no jurisdiction.

Petition dismissed for lack of jurisdiction.