**William L. BECKER,**
**Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 83–4301.**

United States Court of Appeals,
Fifth Circuit.

Sept. 22, 1983.

William L. Becker, pro se.

Michael L. Paup, Chief, Appellate Sect., Tax Div., Glenn L. Archer, Jr., Asst. Atty. Gen., Dept. of Justice, Kenneth W. Gideon, Chief Counsel, IRS, John H. Menzel, Director, Tax Lit. Div., Washington, D.C., for respondent-appellee.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

BY THE COURT:

Our question is whether this court has jurisdiction to review a tax court decision for a case filed in the Third Circuit, the circuit in which was located the legal residence of the taxpayer at the time the petition was filed, but tried in the Fifth Circuit, the new residence of the taxpayer. We hold that in the absence of a written stipulation between the parties as to the jurisdiction for appeal, venue lies exclusively in the Third Circuit. Accordingly, Becker's appeal must be dismissed.

## I. Statement of Facts

During 1976 and 1977 Becker was employed as a pilot for Eastern Airlines. During those years he took a flight-training course for which he paid $6,150 in 1976 and $6,100 in 1977. Because of previous military service, Becker applied for and received reimbursement from the Veteran's Administration for 90 percent of the cost of this course. Becker excluded the Veteran's Administration payments from his income for both years and deducted the amounts paid for the course as an educational expense. The Internal Revenue Service disallowed the deductions and assessed Becker $2,578 for 1976 and $2,884 for 1977 in additional tax liability.

Becker filed a petition with the tax court challenging this determination while he was a resident of Franklin Lakes, New Jersey. He thereafter moved to Wichita Falls, Texas. At Becker's request the trial of the case was moved to San Antonio, Texas, the district in which he now resides. That court issued a decision in favor of the Commissioner and allegedly informed Becker that he could file a notice of appeal with the Fifth Circuit Court of Appeals. Becker did so and the Commissioner files this motion to dismiss for improper venue.

## II. Discussion

■ Unlike review for district court cases,[1] the tax code contains no provision for transfer of tax cases to other circuits for review. 9 J. Moore, *Federal Practice,* § 213.03(2) (2d ed. 1983) at 13–26. Conse-

quently, the result of appealing to the wrong court of appeals, absent a written stipulation as to venue under 26 U.S.C. § 7482(b)(2) by the parties, is dismissal. *Industrial Addition Ass'n v. Comm'ner of Int'l Rev.,* 323 U.S. 310, 315, 65 S.Ct. 289, 292, 89 L.Ed. 260 (1945); *Nash-Breyer Motor Co. v. Burnet,* 283 U.S. 483, 51 S.Ct. 549, 75 L.Ed. 1180 (1931). Accord, *Ayer v. Commissioner,* 63 F.2d 231 (2d Cir.1933); *Turner's Estate v. Helvering,* 68 F.2d 759 (D.C.Cir.1934). Since no stipulation has been filed by the parties, a decision that venue is improper and dismissal is warranted will terminate appellate jurisdiction and Becker's right to review. *Industrial Addition Ass'n v. Commissioner, supra.*

■ Venue for review of tax court decisions is set out in 26 U.S.C. § 7482(b) (1980), which provides in pertinent part:

(1) *In General.* Except as otherwise provided in paragraphs (2) and (3), such decisions may be reviewed by the United States Court of Appeals for the circuit in which it is located.

(a) in the case of petitioner seeking redetermination of tax liability other than a corporation, the legal residence of the petitioner . . . .

If for any reason no subparagraph of the preceding sentence applies, than [sic] such decisions may be reviewed by the Court of Appeals for the District of Columbia. For purposes of this paragraph, the legal residence, principal place of business, or principal office or agency referred to herein shall be determined as of the time the petition seeking redetermination of tax liability was filed with the Tax Court or as of the time the petition seeking redetermination seeking a declaratory decision under Section 7428, 7476 or 7477 was filed with the tax court.

(2) *By Agreement.* Notwithstanding the provisions of paragraph (1), such decisions may be reviewed by any United States Court of Appeals which may be designated by the Secretary and the taxpayer by stipulation in writing.

---

1. See 28 U.S.C. §§ 1406(a), 2112.

The parties stipulate that Becker was a resident of Franklin Lakes, New Jersey, within the Third Circuit, at the time he filed his petition with the tax court. No agreement on a different venue under subsection (2) has been entered, thus, we can find no basis for jurisdiction of Becker's case in this circuit.

We agree with the District of Columbia Circuit that venue for trial and venue for appeal in tax court cases are wholly separate. *In re Stone,* 569 F.2d 156, 158 (D.C. Cir.1978). Venue for the review of tax court cases is given in 26 U.S.C. § 7482, quoted above. Venue for the trial may be agreed upon by the parties pursuant to Tax Court Rule 140, Tax Ct. Rep. (CCH ¶ 5822T). It does not follow, therefore, that venue for the appeal will necessarily follow the venue for the trial itself. Separate agreement must be made between the parties for trial and for the appeal.

The court recognizes that taxpayers appearing *pro se* and even some attorneys will find the existence of independent provisions for venue for trial and appeal surprising. Nonetheless, Congress has established independent provisions which the court is bound to respect. We hold that, in the absence of a written stipulation by the parties pursuant to 26 U.S.C. § 7482(b)(2), proper venue does not obtain in this court and the proper remedy is dismissal of the case.

Appellant's motion to stay further proceedings in The Court of Appeals is DENIED. Appellee's motion to dismiss is GRANTED.