**Samuel L. ALEXANDER, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 86–1404.**

United States Court of Appeals, District of Columbia Circuit.

Aug. 7, 1987.

Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup and Gilbert S. Rothenberg, Attys., Dept. of Justice, Washington, D.C., were on appellee's motion to dismiss.

Samuel L. Alexander, pro se, was on appellant's opposition to motion to dismiss and cross-motion to transfer.

Before WALD, Chief Judge, MIKVA and WILLIAMS, Circuit Judges.

On Motions to Dismiss and Transfer

PER CURIAM:

Appellant Samuel L. Alexander (Alexander) noted an appeal to this court from a decision rendered against him by the United States Tax Court. Appellee Commissioner of Internal Revenue (Commissioner) has moved to dismiss the appeal for improper venue. Alexander has filed an opposition to the Commissioner's motion, and included within that opposition a cross-motion to transfer the appeal to the Fourth Circuit. For the reasons stated below, we deny the Commissioner's motion and grant Alexander's motion.

In 1982, the I.R.S. notified Alexander that it was auditing his federal income tax return for the year 1980. On February 8, 1984, the I.R.S. issued a Notice of Deficiency reflecting the Commissioner's determination that Alexander is liable for a deficiency in his 1980 tax. For reasons not germane to the issue before us, Alexander claims not to have received the Notice until 1985, at which time he filed a petition for redetermination of the deficiency with the Tax Court. The Commissioner filed a motion to dismiss his petition which the Tax Court granted. Alexander filed a timely notice of appeal to this court.

Venue for review of decisions of the Tax Court is prescribed by 26 U.S.C. § 7482(b) (1982). In the case of an individual taxpayer, the statute provides that "decisions may be reviewed by the United States Court of Appeals for the circuit in which is located ... the legal residence of the petitioner." 26 U.S.C. § 7482(b)(1)(A). Since Alexander has at all times been a resident of Maryland, and Maryland is located in the Fourth Circuit (28 U.S.C. § 41 (1982)), his appeal should have been noted to the Fourth Circuit, not the District of Columbia Circuit. While the tax code provides that the parties may consent to venue in another circuit, in this case the Commissioner has not consented to venue in this circuit. The question that now faces us is what should be done with the appeal.

The Commissioner argues that dismissal of the appeal is the only remedy available to the court. He correctly points out that the Internal Revenue Code does not pro-

vide for transfer when a taxpayer notes an appeal to the wrong circuit. He also argues that while section 301(a) of the Federal Courts Improvement Act of 1982 (FCIA), codified at 28 U.S.C. § 1631 (1982), authorizes transfer from a federal court without jurisdiction to a federal court with jurisdiction, it does not authorize a federal court without *venue* to transfer an action to a court with venue.

Faced with this question, the United States Court of Appeals for the Fifth Circuit has held as the Commissioner wishes us to hold—there exists no statutory power to transfer an appeal from the Tax Court filed in the wrong circuit and the appeal must be dismissed. *Becker v. Commissioner,* 716 F.2d 285 (5th Cir.1983). Without addressing the question of whether the Fifth Circuit and the Commissioner are correct in their belief that section 1631 does not authorize transfers for lack of venue, we consider whether we have the inherent power to transfer in this circumstance, an issue not addressed by *Becker.*

As we recently recognized, "[p]rior to the enactment in 1982 of 28 U.S.C. 1631 ..., courts were divided as to whether or not they had authority to transfer rather than dismiss cases over which they lacked power to adjudicate." *New Mexico ex rel. Energy and Minerals Department v. Hodel,* 820 F.2d 441, 446–47 (D.C.Cir.1987) (footnote omitted). Well before enactment of 28 U.S.C. § 1631, this court held that it had inherent power to transfer appeals for lack of jurisdiction or venue. *National Labor Relations Board v. Wilder Mfg. Co.,* 454 F.2d 995, 998–99 (D.C.Cir.1971) (transferring petition for enforcement of an order of the National Labor Relations Board to Second Circuit where venue was proper). The Commissioner argues that section 1631 has eliminated any inherent power in the courts to transfer a case to cure improper venue. We disagree.

It is a truism that "Congress knows how to deprive a court of broad equitable power when it chooses so to do." *Renegotiation Board v. Bannercraft Clothing Co., Inc.,* 415 U.S. 1, 19, 94 S.Ct. 1028, 1038, 39 L.Ed.2d 123 (1974) (citing *Scripps-Howard Radio, Inc. v. Federal Communications Commission,* 316 U.S. 4, 17, 62 S.Ct. 875, 883, 86 L.Ed. 1229 (1942)).

> In the absence of a clear showing of congressional intent to do so, courts will not infer that the enactment of a particular statute containing provisions for judicial review has the effect of withdrawing from the courts their traditional equitable powers.... This rule is related to the more general "doctrine disfavoring repeals by implication...."

*Gilley v. United States,* 649 F.2d 449, 453 (6th Cir.1981) (citations omitted). Nothing in section 1631 expressly precludes a court of appeals from transferring an appeal over which it has jurisdiction but does not have venue.

■ Accordingly, we turn to the legislative history of section 1631 to determine if Congress intended to eliminate our inherent power to transfer a case over which we lack venue but have jurisdiction when it enacted a statute expressly granting us the power to transfer an action over which we lack jurisdiction. We find no such intent.

The purpose of the FCIA was "to enhance citizen access to justice." S.Rep. No. 275, 97th Cong., 1st Sess. 1 (1981). The legislative history of section 1631 itself is not extensive. However, it is abundantly clear that Congress intended that "a case mistakenly filed in the wrong court [should] be transferred as though it had been filed in the transferee court on the date in which it was filed in the transferor court." 128 Cong.Rec. 3572 (1982). It would be inconsistent with the general purpose of the FCIA and the specific purpose of section 1631 to infer an intent to revoke our inherent power to transfer cases over which we have jurisdiction, but not venue.

The Commissioner emphasizes the fact that in correspondence with the Honorable Robert W. Kastenmeier, the late Judge Harold Leventhal of this court suggested language that included transfer for lack of venue in what eventually was enacted as section 1631. *See* Hearings on Judicial Housekeeping before the House Judiciary Subcommittee on Courts, Civil Liberties and the Administration of Justice, 95th

Cong., 2d Sess. 388 (1978). As the Commissioner recognizes, the Senate Committee report three years later "contains no explanation why references to venue were deleted from the bill finally enacted." Memorandum in Support of Appellee's Motion to Dismiss Appeal for Improper Venue (Memorandum) at 12. In fact, the Commissioner concedes that "Congress did not appear to have wrong venue in mind in drafting Section 1631." Memorandum at 11. If Congress did not have venue in mind, it hardly seems likely that it intended to withdraw our power to transfer for lack of venue. The Commissioner points to no other evidence expressing a congressional intent to withdraw from us the power we have exercised in the past to transfer cases over which we have jurisdiction, but not venue. We note that the Second Circuit has recently held that courts of appeals have inherent power to transfer appeals for lack of venue. *Clark & Reid Co., Inc. v. United States*, 804 F.2d 3, 7 (1st Cir.1986) (without discussing impact of section 1631 on inherent power).

■ The time permitted to note an appeal from the Tax Court's decision granting the Commissioner's motion has expired; therefore, dismissing Alexander's appeal for improper venue would preclude appellate review of his claim. Since "the right to review is too important to be excluded on ... slender and indeterminate evidence of legislative intent," *Abbott Laboratories v. Gardner*, 387 U.S. 136, 141, 87 S.Ct. 1507, 1512, 18 L.Ed.2d 681 (1967) (quoting Jaffe, Judicial Control of Administrative Action at 357 (1965)), we will not exclude review in this case when to do so would turn the remedial intent of section 1631 on its head.

We hold that the enactment of 28 U.S.C. § 1631 did not revoke our inherent power to transfer cases over which we have jurisdiction, but not venue. We further find that it would be in the interest of justice to transfer Alexander's appeal to the proper circuit. Therefore, we deny the Commissioner's motion to dismiss the appeal and grant Alexander's motion to transfer.