Edward M. BECKER and Alice M. Becker, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 88–3180

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

July 28, 1988.

William Randolph Klein, Sarasota, Fla., for petitioners-appellants.

William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before HILL, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Taxpayers Edward M. Becker and Alice M. Becker appeal from a decision of the United States Tax Court determining deficiencies for 1979 and 1980. The Tax Court entered its decision on November 30, 1987, and taxpayers timely noted this appeal on February 29, 1988. Finding that venue is not proper in this court, and concluding that the interests of equity are best served by transferring this case to the court with proper venue, we so transfer it to the Court of Appeals for the Eighth Circuit.

The taxpayers were Minnesota residents at the time they filed their petition for redetermination with the Tax Court; Minnesota is within the geographical jurisdiction of the Eighth Circuit. 28 U.S.C. § 41 (1982). By the time they noted their appeal, however, the taxpayers had moved to Florida, within the jurisdiction of the Eleventh Circuit. 28 U.S.C. § 41 (1982). Venue for review of Tax Court decisions is set out in section 7482(b) of the Internal Revenue Code, which provides in pertinent part:

[S]uch decisions may be reviewed by the United States court of appeals for the circuit in which is located ... the legal residence of the petitioner.... [L]egal residence ... shall be determined as of the time the petition seeking redetermination of tax liability was filed with the Tax Court.... Notwithstanding [the foregoing], such decisions may be reviewed by any United States Court of Appeals which may be designated by the

Secretary or his delegate and the taxpayer by stipulation in writing.

26 U.S.C. § 7482(b) (1982).

Thus, in the absence of a stipulation by both parties, correct venue for this appeal lies in the Eighth Circuit. The Commissioner has asked that we dismiss the appeal for lack of venue. In their response, the taxpayers ask that we deny the Commissioner's motion to dismiss, or that, in the alternative, we transfer the appeal to the proper circuit. If we were to dismiss this appeal, the taxpayers' claim would probably be denied appellate review, as the time for filing an appeal to the Eighth Circuit has expired. *See* Rule 190(a), 26 U.S.C.A. § 7453 (West supp. 1988) (notice of appeal must be filed within ninety days of Tax Court decision).

■ Undoubtedly the burden on the taxpayers, Florida residents, of appealing in the Eighth Circuit would be significantly greater than the burden on the Commissioner of contesting the appeal in the Eleventh Circuit, particularly where, as here, the appeal is taken from the Tax Court in the Middle District of Florida. Section 7482 specifically states two rules for determining proper venue, however, and given the Commissioner's refusal to stipulate to venue in the Eleventh Circuit, we may not resolve this appeal on the merits. Therefore, we must determine whether we have the authority to transfer this appeal to the forum of proper venue, and if so, whether this is a suitable instance for the exercise of that authority.

The parties have cited two cases that speak directly to the question posed: the Fifth Circuit, in *Becker v. Commissioner*, 716 F.2d 285 (5th Cir.1983), determined that it lacked the power to transfer a similar appeal, while the District of Columbia Circuit, under substantially identical circumstances, held that it had such authority. *Alexander v. Commissioner*, 825 F.2d 499 (D.C.Cir.1987).

The *Becker* court, noting that "the tax code contains no provision for transfer of tax cases to other circuits for review," 716 F.2d at 286, and that no stipulation on other venue had been entered, *id.* at 287,

held that it could "find no basis for jurisdiction" over the taxpayer's appeal. *Id.* The court thus dismissed the appeal, citing *Industrial Addition Ass'n v. Commissioner*, 323 U.S. 310, 65 S.Ct. 289, 89 L.Ed. 260 (1945); *Nash–Breyer Motor Co. v. Burnet*, 283 U.S. 483, 51 S.Ct. 549, 75 L.Ed. 1180 (1931); *Turner's Estate v. Helvering*, 68 F.2d 759 (D.C.Cir.1934) and *Ayer v. Commissioner*, 63 F.2d 231 (2d Cir.1933). None of the cited cases, however, decided whether the circuit court retained the power to transfer an appeal to the court of proper venue.

In *Industrial Addition*, the Supreme Court explained that although the circuit court in which the subject appeal had been filed was not the forum of correct venue, that court nonetheless had jurisdiction over the appeal. 323 U.S. at 314, 65 S.Ct. at 292, 89 L.Ed. at 263; *see* 26 U.S.C. § 7482(a) (1982) ("The United States Courts of Appeals shall have exclusive jurisdiction to review the decisions of the Tax Court ..."). The Court took care to point out that the terms "venue" and "jurisdiction" as used in the Internal Revenue Code described precise concepts with distinct consequences for federal jurisdiction:

> The use in juxtaposition, in the statute, of the terms "jurisdiction" and "venue" marks a significant distinction. On the one hand, the statute confers power on the Circuit Courts of Appeals generally, to act judicially on petitions for review presented to them—which is "jurisdiction". On the other, such of those courts as are specified by the statute, or the stipulation which it authorizes, are designated as the place where, for convenience of the courts or parties or both, the petition will be heard—which is "venue". Want of jurisdiction, unlike want of venue, may not be cured by consent of the parties; but when the court has jurisdiction, it has power to decide the case brought before it, even though the court having venue is one sitting in another circuit.

323 U.S. at 313, 65 S.Ct. at 291, 89 L.Ed. at 262–63 (construing 26 U.S.C. § 1141, the predecessor of 26 U.S.C. § 7482).

We disagree with the Fifth Circuit's determination that it lacked jurisdiction over the appeal in *Becker,* and that dismissal of the appeal was the only available option. We conclude that we are not compelled to dismiss the instant appeal outright, but that we retain jurisdiction to dispose of this appeal along any other avenue that may be open to us.

■ Our Court is not the forum of correct venue, however, and the parties have not by stipulation agreed to waive that defect. As noted by the *Becker* court, the Internal Revenue Code provides no express authority to transfer an appeal to the circuit court of proper venue. *See* 9 Moore's Federal Practice ¶ 213.03[2], at 13–26 (2d ed. 1987). Further, the Federal Courts Improvement Act of 1982 ("FCIA"), 28 U.S.C. § 1631 (1982), does not expressly authorize a federal court with jurisdiction but without venue to transfer an action to a court with venue.

After reviewing the legislative history of the FCIA, the District of Columbia Circuit concluded that the statute left intact a federal court's pre-existing inherent authority to transfer an appeal when it is not the court of proper venue. *Alexander,* 825 F.2d at 502. *See Tenneco Oil Co. v. E.P.A.,* 592 F.2d 897, 900 (5th Cir.1979) (affirming inherent power to transfer).[1] We concur in the analysis of the District of Columbia Circuit, and hold that under circumstances properly justifying the exercise of our equitable powers, we may transfer an appeal to the federal court of proper venue. Because the time for filing a new appeal has expired, and because of the importance of the right of appellate review, we conclude that it would be in the interest of justice to transfer the taxpayers' appeal to the appropriate circuit. Therefore, we deny the Commissioner's motion to dismiss the appeal, and grant the taxpayers' alternative motion to transfer the appeal to the Court of Appeals for the Eighth Circuit.

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit issued before October 1, 1981.