917 F.2d 564
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
E. H. MOSHER, Sr., Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 89-2208.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1990.
 
 Before KENNEDY and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner-appellant appeals from the decision of the United States Tax Court entered on July 21, 1989, denying redetermination of an income tax deficiency for the year of 1982 assessed against him by the Internal Revenue Service for claimed personal living expenses. The primary issue in this case is whether petitioner's claimed personal living expenses in the amount of $17,213.07 are deductible by him as ordinary and necessary expenses paid in carrying on a trade or business, including traveling expenses while away from home, within the meaning of the Internal Revenue Code of 1954, 28 U.S.C. Sec. 162(a)(2).
 
 
 2
 Presently pending before the court is the respondent's motion to transfer this appeal to the United States Court of Appeals for the Fifth Circuit on the ground of improper venue. Venue for review of Tax Court decisions is determined by section 7482(b) of the Internal Revenue Code which provides that in the case of individual taxpayers, the Tax Court's decisions may be reviewed by the United States Court of Appeals for the circuit in which the taxpayer's legal residence is located. For purposes of venue, a taxpayer's legal residence is "determined as of the time the petition seeking redetermination of tax liability was filed with the Tax Court." Internal Revenue Code Sec. 7482(b)(1).
 
 
 3
 The record shows that although petitioner timely filed a Form 1040 for the 1982 taxable year, he crossed out the jurat in the space for his signature and then typed: "Violates Amend. V, U.S. Constitution." When informed by the respondent that the Form 1040 could not be processed because it was not properly signed under penalties of perjury and upon being requested to sign a jurat, petitioner refused. Petitioner was assessed a $500 penalty pursuant to section 6702 of the Internal Revenue Code. He paid a portion of the penalty and filed a refund claim which was denied. Petitioner then filed an action in the United States District Court for the Northern District of Texas which granted summary judgment in favor of the government. An unsuccessful appeal by petitioner to the United States Court of Appeals for the Fifth Circuit followed, and thereafter, the Supreme Court denied his petition for certiorari.
 
 
 4
 Following petitioner's unsuccessful appeals, the respondent issued the notice of deficiency here in question determining a deficiency in petitioner's income tax in the amount of $13,131.00 based upon amounts of income that petitioner failed to report, and also determined that he was liable for penalties pursuant to section 6653(a)(1) and (2) of the Internal Revenue Code for negligence or intentional disregard of rules and regulations, and under Code section 6661 for substantial understatement of tax. Petitioner then filed a Form 1040 and a Form 1040X for 1982 which he signed under penalties of perjury. Following that filing, he also sought redetermination of the tax deficiency and penalties assessed in the notice of deficiency by filing a petition in the Tax Court.
 
 
 5
 At the time his petition was filed in the Tax Court, petitioner stated in his petition that he resided at 5301 Springlake Parkway # 403, Haltom City, Texas ("temporary residence"), which is within the Fifth Circuit. 28 U.S.C. Sec. 41. Furthermore, the Tax Court expressly found that petitioner resided in Haltom City, Texas, when he filed his petition. Although petitioner claims that his "legal permanent residence" was in Dayton, Ohio, during 1982 because he has leased a home there for several years which he subleases to a subtenant, the record clearly shows that he has not lived or worked in the Dayton area for a ten-year period, including 1982. Moreover, there is nothing in the record to show that he incurred any living expenses in Dayton, Ohio.
 
 
 6
 Accordingly, as it clearly appears from the record that venue is improper in this court, it is ORDERED that the motion is granted and this appeal is hereby transferred to the United States Court of Appeals for the Fifth Circuit in which venue properly lies. Dornbusch v. Commissioner, 860 F.2d 611 (5th Cir.1988) (per curiam); Becker v. Commissioner, 852 F.2d 524 (11th Cir.1988) (per curiam); Alexander v. Commissioner, 825 F.2d 499 (D.C.Cir.1987) (per curiam).