[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2009
THOMAS K. KAHN
CLERK

No. 08-12466
Non-Argument Calendar

_____

Agency No. 10374-05

CURTIS G. LOCKETT,
EDNA L. LOCKETT,

Petitioners-Appellants,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

(January 5, 2009)

Before ANDERSON, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Appellants Curtis and Edna Lockett, *pro se*,[1] appeal the Tax Court's order determining tax deficiencies in the amounts of $3,049.00 for 2001, $32,675.00 for 2002, and $2,581.00 for 2003.  On appeal, the Locketts procedurally contend that we should recuse ourselves and that we are without appellate jurisdiction.  With respect to the substantive issues, the Locketts argue that the Tax Court improperly required them to substantiate their deductions and incorrectly found that they had not substantiated the deductions claimed for tax years 2001, 2002, and 2003.[2]

I.

By statute, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  When considering whether recusal is appropriate, we consider "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*,

---

[1] We liberally construe *pro se* pleadings and briefs.  *See Finch v. City of Vernon*, 877 F.2d 1497, 1504 (11th Cir. 1989).

[2] The Locketts also challenge the Tax Court's refusal to issue an order to enforce an agreement allegedly reached in a separate federal district court civil action.  However, issuance of such an order would have exceeded the Tax Court's jurisdiction.  *See* 26 U.S.C. § 7429.  Additionally, the Locketts request review of the Tax Court's denial of their motion for summary judgment.  However, review of a motion for summary judgment is not appropriate where, as here, a judgment is entered following a full trial of the merits.  *Lind v. United Parcel Service, Inc.*, 254 F.3d 1281, 1284 (11th Cir. 2001).

225 F.3d 1234, 1239 (11th Cir. 2000) (citation omitted).  Generally, the claim of bias under § 455 "must show that the bias is personal as distinguished from judicial in nature." *Id.* (citation omitted).  Thus, unless "pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal." *Id.*

Because the record demonstrates that our only interaction with the Locketts has been the issuance of opinions resolving their cases in the course of judicial proceedings without a display of bias, we conclude that recusal is not necessary. *See Bolin*, 225 F.3d at 1239.

II.

We review issues of jurisdiction *de novo*.  *Federal Election Comm'n v. Reform Party of United States*, 479 F.3d 1302, 1306-07 (11th Cir. 2007).  Section 7429 of Title 26 of the United States Code authorizes the Tax Court to exercise jurisdiction over, and enter a judgment in, a civil action for determination of tax liability.  26 U.S.C. § 7429(b)(2)(B).  Although its principal office is in the District of Columbia, the Tax Court may sit anywhere in the United States.  26 U.S.C. §§ 7445, 7446.  Section 7482 of Title 26 of the United States Code provides for appellate review of a Tax Court decision to be in the circuit of the petitioner's legal residence or where stipulated in writing by government and

petitioner. 26 U.S.C. § 7482(b)(1)(A) and (2); *Becker v. Comm'r of Internal Revenue*, 852 F.2d 524, 524-25 (11th Cir. 1988). If a Tax Court decision is appealed to the wrong circuit, the circuit may transfer the appeal to the appropriate circuit. *Becker*, 852 F.2d at 525-26.

Having reviewed the record and the briefs of the parties, we conclude that jurisdiction is proper. The Locketts undisputedly live within the Eleventh Circuit. The Internal Revenue Service has not stipulated to review in another circuit. Therefore, the Circuit for the District of Columbia properly transferred this appeal for our review. *See* 26 U.S.C. § 7482(b)(1)(A) and (2); *Becker*, 852 F.2d at 525-26.

### III.

"We review *de novo* the tax court's conclusions of law and review findings of fact for clear error." *Davis v. Comm'r of Internal Revenue*, 210 F.3d 1346, 1347 (11th Cir. 2000). The taxpayer bears the burden of submitting evidence that supports his claim of entitlement to a deduction and the amount of that entitlement. *Gatlin v. Comm'r of Internal Revenue*, 754 F.2d 921, 923 (11th Cir. 1985). Further, unsupported allegations by a taxpayer of misconduct by the government and others is not considered as credible evidence to meet his burden. *Hradesky v. Comm'r of Internal Revenue*, 540 F.2d 821, 823 n.2 (5th Cir.

4

1976).[3]

Section 6001 of the Internal Revenue Code ("IRC") requires that a taxpayer must keep and maintain financial records sufficient to permit verification of income and expenses. 26 U.S.C. § 6001. When taxpayers' records are lost or destroyed through circumstances beyond their control, they are entitled to substantiate the claimed deductions by use of other credible evidence. *Villarreal v. Comm'r of Internal Revenue*, 76 T.C.M. (CCH) 920 (1998). However, the Tax Court is not bound to accept unverified, undocumented testimony of a taxpayer. *Id.* Although the Tax Court may estimate amounts, any estimations must have a reasonable evidentiary basis. *Id.* From our review of the record, we discern no evidentiary or burden of proof errors.

Discounting Mr. Lockett's incredible testimony, the record does not support a conclusion that the government had "unclean hands" in an equitable sense, or that the Locketts' property and possessions were illegally foreclosed upon, stolen, or otherwise coerced from them. Further, Mr. Lockett admitted that the family property was foreclosed due to failure to make mortgage payments, that he had seven days to remove belongings, and that he had "seven warehouses" of

_____

[3] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), we adopted as binding precedent decisions of the former Fifth Circuit issued before October 1, 1981.

documents related to the case. Thus, the Locketts did not demonstrate that records were lost or destroyed due to circumstances beyond their control, so as to entitle them to substantiate their deductions through other credible evidence. Even so, the Tax Court did not require the Locketts to produce documents that were allegedly destroyed or stolen. Instead, the Tax Court requested that the Locketts present other credible evidence to support a reasonable estimate to determine the deductible amount of the losses. However, the Locketts did not offer any verification or documentation to support Mr. Lockett's testimony with respect to valuation.

## IV.

In reviewing a Tax Court decision, we will only find clear error if we are left with a definite conviction that a mistake was made. *Coggin v. Comm'r of Internal Revenue*, 71 F.3d 855, 860 (11th Cir. 1996). Further, "[t]he Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it is incorrect." *Webb v. Comm'r of Internal Revenue*, 872 F.2d 380, 381 (11th Cir. 1989). Taxpayers must submit evidence that supports their claims of entitlement to a deduction and the amount of that entitlement. *Gatlin*, 754 F.2d at 923.

IRC section 165 permits for a deduction for any loss that: (1) occurs during

the taxable year; and (2) is not compensated for by insurance, or otherwise. 26 U.S.C. § 165(a). Generally, the deductible amount is determined by the fair market value prior to the loss or the adjusted basis in the property. 26 C.F.R. § 1.165-7(b).

Individuals may claim losses of property arising from fire or theft. 26 U.S.C. § 165(c). Individual casualty losses must exceed $600.00 ($100 for taxable years beginning after December 31, 2009); their value is reduced by the amounts of reimbursement received, and they may be claimed to the extent the loss exceeds 10% of the taxpayer's adjusted gross income. *Id.* § 165(h). Theft losses are treated as being sustained during the taxable year in which they are discovered. *Id.* § 165(e). We have defined theft as "any criminal appropriation of another's property to the use of the taker." *Edwards v. Bromberg*, 232 F.2d 107, 110 (5th Cir. 1956); *accord with* 26 C.F.R. § 1.165-8(d). Generally, foreclosures and repossession do not constitute theft or casualty loss. *Johnson v. Comm'r of Internal Revenue*, 81 T.C.M. (CCH) 1538 (2001).

Additionally, individuals may claim losses incurred in a trade or business. 26 U.S.C. § 165(c). For a taxpayer to be carrying on a trade or business, the "taxpayer must be involved in the activity with continuity and regularity and . . . the taxpayer's primary purpose for engaging in the activity must be for income or

7

profit." *Comm'r of Internal Revenue v. Groetzinger*, 480 U.S. 23, 35, 107 S. Ct. 980, 987, 94 L. Ed. 2d 25 (1987).

A taxpayer may deduct expenses that are ordinary and necessary in carrying on a trade or business, but may not deduct personal, living, or family expenses. 26 U.S.C. § 262(a). To be deductible, an item must: "(1) be paid or incurred during the taxable year; (2) be for carrying on any trade or business; (3) be an expense; (4) be a necessary expense; and (5) be an ordinary expense." *Comm'r of Internal Revenue v. Lincoln Sav. & Loan Ass'n*, 403 U.S. 345, 352, 91 S. Ct. 1893, 1898, 29 L. Ed. 2d 519 (1971) (internal quotation marks omitted).

IRC section 217 allows as "a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work." 26 U.S.C. § 217(a). The new principal place of work must be at least 50 miles from the taxpayer's former residence. *Id.* § 217(c)(1)(A).

Based on our review of the record, we discern no error in the Tax Court's determination that the tax deficiencies for tax years 2001, 2002, and 2003 were correct. Although the Locketts submitted pictures of a burned residence, they did not present any documentary evidence to support the valuation they claimed for their residence and the personal property therein, to establish their adjusted basis

8

for the residence and other items, to explain any insurance amounts that were paid or not paid, or to explain their failure to claim the loss until 2001. Further, Mr. Lockett admitted that he did not know the value and suggested that he had received some insurance reimbursement for the loss.

Similarly, the Locketts submitted pictures of the foreclosure of their real estate and eviction of their personal property that they characterized as a theft and destruction of their property. However, the theft claim form submitted to prove theft related to a theft alleged to have occurred in June 2003, which was not the year in which the theft losses were claimed. Moreover, the record shows that they were lawfully foreclosed upon for failure to pay their mortgage resulting in their eviction in 2001. Because foreclosure and eviction are not criminal acts, the Locketts did not demonstrate that they were victims of theft for purposes of 26 U.S.C. § 165(c).

With regard to business losses and deductions, Mr. Lockett admitted that some of the deductions were incorrect. He suggested that he claimed business losses based on his inability to work while incarcerated for 22 months during the applicable period. Due to his incarceration and lack of sales activity, Mr. Lockett did not demonstrate that he was carrying on a trade or business during the applicable tax years to deduct expenses under 26 U.S.C. § 262(a). Further, he

9

failed to demonstrate, as required, that any amounts he paid or incurred during the claimed year were necessary or ordinary.

Lastly, the Locketts did not offer any documentary evidence or testimony to support the incurrence of $41,952.00 in moving expenses during 2002. Mr. Lockett's testimony supports that conclusion that he and his family moved in September 2001 because they were foreclosed upon, not due to new employment.

In summary, the Locketts failed to present credible evidence to substantiate the deductions they claimed for tax years 2001, 2002, and 2003 in order to overcome the presumption that the IRS had correctly determined the tax deficiencies. *See Gatlin*, 754 F.2d at 923; *Webb*, 872 F.2d at 381. Accordingly, we affirm the judgment of the Tax Court.

**AFFIRMED**.