T.C. Memo. 2011-203


UNITED STATES TAX COURT


MARY E. CAHILL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24387-07.               Filed August 17, 2011.


<u>Larry C. Fedro</u>, for petitioner.

<u>Nancy L. Karsh</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


HAINES, <u>Judge</u>:  Respondent determined a deficiency of
$59,839 in petitioner's Federal income tax and additions to tax
pursuant to sections 6651(a)(1) and (2) and 6654(a) of $13,458,
$7,776, and $1,736, respectively, for 2004.[1]

_____

[1]Unless otherwise indicated, all section references are to
                                        (continued...)

The issues for decision after stipulations and concessions[2] are: (1) Whether petitioner received taxable interest income of $88; (2) whether petitioner received taxable dividend income of $96; (3) whether petitioner is entitled to a theft loss deduction of $849; (4) whether petitioner is entitled to education credits; and (5) whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1) and (2) and 6654(a).

---

[1](...continued) the Internal Revenue Code, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

[2]Before trial the parties stipulated that (1) petitioner had a long-term capital loss of $62 rather than a long-term capital gain of $5,394; (2) petitioner is not liable for the 10-percent additional tax pursuant to sec. 72(t) for early withdrawals from a qualified retirement plan because she was disabled in 2004; (3) petitioner is entitled to deduct expenses on Schedule A, Itemized Deductions, for mortgage interest, real estate taxes, and sales tax, of $4,807, $32,312, and $2,096, respectively; (4) petitioner is not entitled to a long-term capital loss carryforward of $3,000; (5) the amount of petitioner's exemption pursuant to sec. 151(d)(3) is a mathematical computation based on all the appropriate adjustments; and (6) petitioner is entitled to two dependency exemption deductions for her son and daughter.

On brief petitioner conceded the following issues: (1) The distributions petitioner received from her qualified retirement plan were taxable; (2) the alimony payments petitioner received from her ex-husband were taxable; and (3) petitioner is not entitled to Schedule A deductions for casualty losses from hurricane damage, charitable contributions, theft losses from financial investments, and medical expenses exceeding those stipulated.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the supplemental stipulation of facts, together with the attached exhibits, are incorporated herein by this reference. At the time petitioner filed her petition, she lived in Florida.

Petitioner and her ex-husband were divorced in 1997. They had two children, a son born in 1982 and a daughter born in 1985. Pursuant to their divorce decree, petitioner's ex-husband paid her alimony in 2004. During 2004 petitioner's son was living in China and working as a teacher. Petitioner's daughter was attending college and living with petitioner's ex-husband. Petitioner's ex-husband paid their daughter's college tuition and provided additional financial support for both children.

On August 31, 2004, petitioner received a distribution of $68,000 from her retirement account at UBS Financial Services. On November 5, 2004, petitioner received a distribution of $132,000 from the same UBS Financial Services account. Petitioner did not roll over any amounts withdrawn to another qualified retirement plan.

In September 2004 two hurricanes struck near petitioner's apartment in Florida. On September 20, 2004, the company that managed petitioner's apartment building informed her that a restoration team would be inspecting her apartment for damage.

Petitioner received two similar notifications on September 27 and October 8, 2004. Petitioner filed a claim with her apartment building manager alleging that a computer was stolen from her apartment during one of the restoration team's inspections.

Petitioner did not file a Form 1040, U.S. Individual Income Tax Return, for 2003 or 2004, nor had she made any estimated tax or other payments on her tax due for 2004. On June 15, 2007, respondent filed a Federal income tax return for 2004 on behalf of petitioner pursuant to section 6020(b). On July 19, 2007, respondent mailed petitioner a notice of deficiency for 2004. Petitioner timely mailed her petition to the Court on October 17, 2007.

OPINION

I.   Burden of Proof

Respondent's determinations in the notice of deficiency are presumed correct, and petitioner would ordinarily bear the burden of proving that respondent's determinations are incorrect. See Rule 142(a)(1). Section 7491(a)(1) provides that, subject to certain limitations, where a taxpayer introduces credible evidence with respect to a factual issue relevant to ascertaining the taxpayer's tax liability, the burden of proof shifts to the Commissioner with respect to that issue. Credible evidence is evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer if no contrary

evidence were submitted.  Ruckriegel v. Commissioner, T.C. Memo. 2006-78.

Section 7491(a)(1) applies only if the taxpayer complies with the relevant substantiation requirements in the Internal Revenue Code, maintains all required records, and cooperates with the Commissioner with respect to witnesses, information, documents, meetings, and interviews.  Sec. 7491(a)(2)(A) and (B). The taxpayer bears the burden of proving compliance with the conditions of section 7491(a)(2)(A) and (B).  See, e.g., Ruckriegel v. Commissioner, supra.  Petitioner neither proposes facts to support her compliance with the conditions of section 7491(a)(2)(A) and (B) nor persuasively argues that respondent bears the burden of proof on any issue because of section 7491(a)(1).  Accordingly, the burden remains on petitioner to prove that respondent's determination of a deficiency in her income tax is erroneous.

## II.  Interest and Dividend Income

Section 61 defines gross income to include "all income from whatever source derived".  Section 61(a)(4) and (7) specifically includes in income "interest" and "dividends", respectively. Petitioner received $88 of interest from two banks and $96 of dividends from an investor services company in 2004.  Petitioner has failed to present any evidence to dispute these amounts.

Accordingly, we sustain respondent's determinations with respect to the interest and dividend income.

III. <u>Theft Loss Deduction</u>

Section 165(a) permits a deduction against ordinary income for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." For individuals, the deduction is limited to: (1) Losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit though not connected to a trade or business; or (3) losses of property not connected with a trade or business or a transaction entered into for profit, if such losses arise from "fire, storm, shipwreck, or other casualty, or from theft." See sec. 165(c); <u>Lockett v. Commissioner</u>, T.C. Memo. 2008-5, affd. 306 Fed. Appx. 464 (11th Cir. 2009). A taxpayer may deduct a theft loss in the year the loss is sustained. Sec. 165(a). Generally, a theft loss is treated as sustained during the taxable year in which the taxpayer discovers it. Sec. 165(a), (e). Petitioner has the burden of proving she sustained a theft loss. See Rule 142(a); <u>Elliot v. Commissioner</u>, 40 T.C. 304, 311 (1963).

Petitioner testified that her computer was stolen from her apartment during one of the restoration team's inspections of her apartment after the hurricanes. The only evidence to support her testimony is a letter from a claims company representing her

apartment building that confirms that she filed a claim alleging that her apartment was burglarized. Petitioner did not present a police report or any other evidence to substantiate that a theft actually occurred. Accordingly, we sustain respondent's determination with respect to the theft loss.

## IV. Education Credits

Section 25A allows education credits[3] against tax for "qualified tuition and related expenses" paid by the taxpayer during the tax year. Section 25A(f)(1)(A)(iii) defines the term "qualified tuition and related expenses", in pertinent part, to include "tuition and fees" for "any dependent of the taxpayer with respect to whom the taxpayer is allowed a deduction under section 151". Petitioner argues she is entitled to education credits for 2004 for her son, who worked as a schoolteacher in China. To prevail on this issue, petitioner must show that (i) she is entitled to the dependency exemption deduction under section 151 for her son for 2004; and (ii) she paid "qualified tuition and related expenses" for her son in 2004. See sec. 25A(b), (c), (f).

The parties have stipulated that petitioner is entitled to a dependency exemption deduction for her son for 2004. Petitioner

---

[3]These credits are called the Hope Scholarship Credit and the Lifetime Learning Credit. Both are subject to multiple conditions and limitations that need not be discussed in this opinion.

has failed, however, to substantiate that she paid "qualified tuition and related expenses" for her son in 2004. Petitioner testified that her son attended the University of Beijing in 2004 and that she paid tuition and related expenses for him. Petitioner has not presented any evidence outside of her own self-serving testimony to support this claim. A taxpayer's self-serving declaration is generally not a sufficient substitute for records. Weiss v. Commissioner, T.C. Memo. 1999-17. Accordingly, we sustain respondent's determination with respect to the education credits.

## V.   Additions to Tax

The Commissioner has the burden of production with respect to any penalty, addition to tax, or additional amount. Sec. 7491(c). The Commissioner satisfies this burden of production by coming forward with sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner satisfies this burden of production, the taxpayer must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of an applicable exception. Id.

### A.   Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed unless the taxpayer can establish that the failure is due to reasonable cause and not due

to willful neglect.[4]  The parties do not dispute that petitioner failed to file a Federal income tax return for 2004. Accordingly, respondent has satisfied his burden of production under section 7491(c).

 B. <u>Section 6651(a)(2) Addition to Tax</u>

 Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on the taxpayer's return on or before the date prescribed unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[5]  Respondent submitted Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, to prove that petitioner failed to file a Federal income tax return and failed to make any payments of income tax for 2004.  Thus, respondent has produced sufficient evidence that petitioner is liable for the section 6651(a)(2) addition to tax for 2004 unless an exception applies.  See <u>Higbee v. Commissioner</u>, <u>supra</u> at 446.

---

[4]If the Secretary prepares a return for the taxpayer under sec. 6020(b), it is disregarded for purposes of determining the amount of the addition to tax under sec. 6651(a)(1), but it is treated as a return filed by the taxpayer for purposes of determining the amount of the addition to tax under sec. 6651(a)(2).  Sec. 6651(g).

[5]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month to which an addition to tax applies under both paragraphs.  Sec. 6651(c)(1).

C.    Exceptions to the Section 6651(a)(1) and (2) Additions to Tax

Reasonable cause is a defense to the section 6651(a)(1) and (2) additions to tax.  To prove reasonable cause for a failure to timely file, the taxpayer must show that she exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time.  Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  To prove reasonable cause for a failure to pay the amount shown as tax on a return, the taxpayer must show that she exercised ordinary business care and prudence in providing for payment of her tax liability and nevertheless either was unable to pay the tax or would suffer undue hardship if she paid the tax on the due date.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. The determination of whether reasonable cause exists is based on all the facts and circumstances.  Estate of Hartsell v. Commissioner, T.C. Memo. 2004-211; Merriam v. Commissioner, T.C. Memo. 1995-432, affd. without published opinion 107 F.3d 877 (9th Cir. 1997).

Petitioner argues she had reasonable cause for failing to file a return for 2004 because she received opinions that she did not have to file a return from an attorney and from her stockbroker.  She argues she relied on these opinions to conclude that the distributions from her qualified retirement plans and the alimony payments she received were not taxable and that she

was entitled to deductions in excess of any reportable income. Petitioner testified that she was told by an attorney that she did not have to file a return because given her income and deductions, such a return would be "frivolous".

Petitioner relies solely on her self-serving testimony to establish reasonable cause.  She has not provided any written opinion of her attorney or her stockbroker or established they were competent tax advisers.  Further, neither petitioner's attorney nor her stockbroker testified at trial.  Petitioner has not presented any substantive evidence to establish that she exercised ordinary business care and prudence but nevertheless failed to file a return for 2004 and failed to pay the amount due.  Accordingly, we sustain respondent's determinations with respect to the section 6651(a)(1) and (2) additions to tax.

D.    Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax on an underpayment of estimated income tax unless an exception applies. See sec. 6654(e).  The section 6654(a) addition to tax is determined by applying the underpayment rate established under section 6621 to the amount of the underpayment[6] for the period of

---

[6]"[A]mount of the underpayment" means the excess of the required installment over the amount, if any, of the installment paid on or before the due date for the installment.  Sec. 6654(b)(1).

the underpayment.[7]  The addition to tax is also calculated with

reference to four required installment payments of the taxpayer's

estimated income tax.  Sec. 6654(c)(1); Wheeler v. Commissioner,

127 T.C. 200, 210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).

Each required installment of estimated income tax

is equal to 25 percent of the "required annual payment."  Sec.

6654(d)(1)(A).  The required annual payment is generally equal to

the lesser of:  (1) 90 percent of the tax shown on the taxpayer's

return for the year (or 90 percent of the taxpayer's tax for the

year if no return is filed); or (2) 100 percent of the tax shown

on the return for the preceding year.  Sec. 6654(d)(1)(B);

Wheeler v. Commissioner, supra at 210-211.  If the taxpayer did

not file a return for the preceding year, then clause (2) does

not apply.  Sec. 6654(d)(1)(B).

A taxpayer has an obligation to pay estimated income tax for

a particular year only if she had a "required annual payment" for

that year.  Wheeler v. Commissioner, supra at 211.  As discussed

above, a determination of petitioner's "required annual payment"

generally would require a comparison of the tax shown on

petitioner's 2003 and 2004 returns.  Petitioner failed to file a

return for either year.  Because petitioner failed to file a

---

[7]The period of the underpayment runs from the due date for
the installment to the earlier of the 15th day of the 4th month
following the close of the taxable year or with respect to any
portion of the underpayment, the date on which such portion is
paid.  Sec. 6654(b)(2).

return for 2003, a comparison with her 2004 tax is not required pursuant to section 6654(d)(1)(B). Accordingly, petitioner's "required annual payment" is equal to 90 percent of her tax for 2004. Respondent's burden of production under section 7491(c) with respect to the section 6654(a) addition to tax has been satisfied by proof at trial through Form 4340 that petitioner has a Federal income tax liability for 2004 and that petitioner made no estimated payments for the year. Thus, the addition to tax applies under section 6654(a) unless petitioner established that an exception applies.

No general reasonable cause exception exists for the section 6654(a) addition to tax. Sec. 1.6654-1(a)(1), Income Tax Regs.; see also Bray v. Commissioner, T.C. Memo. 2008-113. But no addition to tax is imposed under section 6654(a) with respect to any underpayment if the Secretary determines that the taxpayer became disabled either in the taxable year for which estimated income tax payments were required or in the preceding taxable year and that the underpayment was due to reasonable cause and not to willful neglect. Sec. 6654(e)(3)(B). Petitioner argues that she became disabled in 2004.

Respondent concedes that petitioner was disabled in 2004. However, petitioner has not established that she became disabled in 2003 or 2004. To the contrary, petitioner's 2001 Federal income tax return lists her occupation as "disabled". Further,

for the same reasons discussed with respect to the section 6651(a)(1) and (2) additions to tax, petitioner has failed to establish reasonable cause for failing to pay estimated income tax. Accordingly, we sustain respondent's determinations with respect to the section 6654(a) addition to tax.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.