T.C. Memo. 2011-296

UNITED STATES TAX COURT

ILLYA BELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26557-09.                    Filed December 22, 2011.

    P filed his 1996 tax return over 10 years late.  R
disallowed certain deductions claimed on Schedule C and
determined a sec. 6651(a)(1), I.R.C., addition to tax and a
sec. 6662(a) accuracy-related penalty.

    <u>Held</u>:  R's determinations are sustained to the extent
decided herein.

Illya Bell, pro se.

<u>Laura J. Mullin</u> and <u>Katherine Holmes Ankeny</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of an income tax deficiency of $12,333, a section 6651(a)(1) addition to tax of $3,083.25, and a section 6662(a) accuracy-related penalty of $2,466.60 that respondent determined for petitioner's 1996 tax year.[1]  The issues for decision are (1) whether petitioner is entitled to deductions claimed on Schedule C, Profit or Loss From Business; (2) whether the wage income reported on petitioner's 1996 tax return was overstated; (3) whether petitioner is liable for a section 6651(a)(1) failure to file addition to tax; and (4) whether petitioner is liable for a section 6662(a) accuracy-related penalty.[2]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The notice of deficiency also disallowed certain itemized deductions.  Petitioner did not contest respondent's adjustment of $13,800 for his 1996 tax year.  Therefore, except as they are the result of any correlative computational adjustments which are required as the result of this opinion, we deem those statutory notice of deficiency adjustments conceded.  See Levin v. Commissioner, 87 T.C. 698, 722-723 (1986) (citing Rule 142(a) for the proposition that because "petitioners have made no argument with respect to * * * deductions claimed * * * [, they] are deemed to have conceded their nondeductibility"), affd. 832 F.2d 403 (7th Cir. 1987).

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulations, with the accompanying exhibits, are incorporated herein by this reference. At the time he filed his petition, petitioner resided in California.

Petitioner started a landscaping business in 1995. During 1996 he had two landscaping jobs, one for the residential community in which he lived and one for Wal-Mart. Petitioner was able to work at the residential community for only 30 days during the 1996 tax year because of a restraining order requiring him to stay 100 yards away from his ex-wife and children.[3] Petitioner worked for Wal-Mart the entire year and was paid $1,000 per month. Wal-Mart issued petitioner a Form 1099-MISC, Miscellaneous Income, showing the wages paid to him.

Petitioner claimed he kept paperwork and records of his income and expenses from the landscaping business but lost them. He claimed he gave up on the landscaping business and was unemployed from 1996 until 2006 when he began working full time as a healthcare provider.[4]

---

[3]From the record, it appears that petitioner, at some point, lived with his ex-wife and children at the residential community where he worked. But it is unclear to the Court when petitioner's divorce occurred and what his living arrangements were after the divorce.

[4]Forms W-2, Wage and Tax Statement, provided to this Court after trial show that contrary to his testimony, petitioner did earn at least $880.68 during the 1998 tax year.

In 2007 the State of California Franchise Tax Board issued a notice to petitioner and his employer that they were going to start garnishing his wages to collect delinquent taxes owed to the State of California in the total amount of $13,975.25 for the 1996 and 1997 tax years.  Petitioner erroneously believed the garnishment order was from the Internal Revenue Service (IRS).

When the garnishment started, petitioner went to Beverly A. Arrington for help in sorting out his tax liabilities. Petitioner claimed that the only information he provided to Ms. Arrington was the Form 1099 he had received from Wal-Mart.

Ms. Arrington prepared petitioner's tax return and sent it to him.  Petitioner signed the tax return and mailed it in without taking "the opportunity to even take a look at it". Petitioner's Form 1040, U.S. Individual Income Tax Return, for his 1996 tax year was filed October 31, 2007.  The Form 1040 showed wages, salaries, and tips of $41,696 and a business loss from the landscaping business of $18,839.  A Schedule C attached to the Form 1040 reported gross receipts of $17,296 and expenses of $36,135 leading to the loss of $18,839.

The reported expenses were taxes and licenses--$750; supplies--$6,678; rent or lease of vehicles, machinery, and equipment--$7,880; advertising--$6,525; repairs and maintenance--$5,252; legal and professional services--$225; and car and

truck--$8,825. Petitioner signed the return beneath the statement "Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete."

Respondent issued a notice of deficiency on August 6, 2009, disallowing all of petitioner's claimed Schedule C deductions except the deduction for legal and professional services expenses of $225 and determining a deficiency in income tax of $12,333, a section 6651(a)(1) addition to tax of $3,083.25, and a section 6662(a) accuracy-related penalty of $2,466.60. Petitioner timely petitioned this Court, arguing that he needed additional time to find documentation for his reported expenses. Trial was held on December 13, 2010, in Los Angeles, California.

Petitioner elaborated at trial, claiming he had entrusted Ms. Arrington to help him with his taxes but later found out "the tax for 1996 were [sic] basically done wrong". Petitioner claimed he does not know where Ms. Arrington got the expenses reported on Schedule C but "would say a couple of them are pretty accurate". Petitioner also acknowledged that he did not pay $6,000 for advertising expenses.

As for the other reported expenses, petitioner stated he purchased a Chevy truck for $8,500 in 1995 and mostly used equipment such as lawnmowers, edgers, trimmers, shovels, and

rakes, etc., costing around $6,000 in 1995 and 1996.  He claimed
he rented equipment such as trenchers and trucks for sod.
Petitioner stated he had no documentation of his expenses because
"It has been all destroyed due to the [criminal] case that I was
dealing with in '96.  I had a choice of walking away or doing
jail time, and I chose to walk away".[5]

Immediately before trial, for the first time petitioner
alleged that he realized after talking with respondent's counsel
that his tax return showed $41,696 of wage income.  He asserted
at trial that he was self-employed throughout 1996 and had no
income other than from his landscaping business, stating he "did
not earn $41,000" in 1996.

OPINION

I. <u>Burden of Proof</u>

As a general rule, the Commissioner's determination of a
taxpayer's liability in the notice of deficiency is presumed
correct, and the taxpayer bears the burden of proving that the
determination is improper.  See Rule 142(a); <u>Welch v. Helvering</u>,
290 U.S. 111, 115 (1933).  However, pursuant to section 7491(a),
the burden of proof on factual issues that affect the taxpayer's

---

[5]The circumstances leading to petitioner's divorce, which
occurred in the general timeframe of 1995-97, are unclear.
However, it appears that his ex-wife filed charges against him at
the time the divorce proceedings were taking place.

tax liability may shift to the Commissioner in certain situations.[6] Petitioner has neither claimed nor shown that he satisfied the requirements of section 7491(a), and therefore he bears the burden of proof.

II.  Schedule C Deductions

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Taxpayers are required to identify each deduction available and show that they have met all requirements as well as to keep books or records to substantiate all claimed deductions. Sec. 6001; Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974).

Section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  A trade or business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry, and is necessary if it is appropriate and helpful for the development of the business.  Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940).

---

[6]Sec. 7491 is effective for court proceedings that arise in connection with examinations commencing after July 22, 1998. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(c), 112 Stat. 727.

Even if the expenses reported on Schedule C are ordinary and necessary, petitioner has failed to adequately substantiate the claimed deductions. The record relating to the claimed deductions is limited to petitioner's trial testimony and is unsupported by written substantiation. Petitioner conceded some of the reported expenses were not accurate and admitted that some were paid in 1995, not 1996.

Petitioner claims that he kept records but they were destroyed. When a taxpayer's records are lost or destroyed through circumstances beyond his control, the taxpayer is entitled to substantiate deductions by reconstructing expenditures through credible evidence. Villarreal v. Commissioner, T.C. Memo. 1998-420 (citing Malinowski v. Commissioner, 71 T.C. 1120, 1125 (1979)). However, this Court is not bound to accept unverified, undocumented testimony of a taxpayer. Id. (citing Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976)). As petitioner introduced no evidence to substantiate the claimed Schedule C deductions other than his unsupported testimony at trial, he failed to fully and adequately reconstruct the claimed expenditures.

However, except for expenses subject to heightened scrutiny pursuant to section 274, if a taxpayer establishes that he paid a deductible expense but is unable to substantiate the precise

amount, we may, after "bearing heavily * * * upon the taxpayer whose inexactitude is of his own making", estimate the amount. We may do this only if we are convinced that the taxpayer paid such an expense and we have a basis upon which to make an estimate. <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985). We do not doubt that petitioner operated a landscaping business during 1996. Some of the expenses reported on his tax return are not deductible (but should have been capitalized and depreciated over time).

We shall not allow petitioner to deduct all reported expenses solely on the basis of his testimony. Nevertheless, it is inconceivable that he did not pay some expenses operating the landscaping business. We believe petitioner had to have paid expenses such as for the rental of machinery, for repairs and maintenance of his equipment, and incidental expenses such as gas for lawnmowers and related equipment. On the evidence before us, we believe that petitioner's allowable expense deductions for his 1996 tax year should be $3,283.[7]

---

[7]On Schedule C, petitioner reported, among others, expenses for repairs and maintenance of $5,252 and rent or lease of vehicles, machinery, and equipment of $7,880. We believe petitioner to have paid some amount for these two reported expenses and arrive at $3,283 by giving petitioner 25 percent of these reported expenses. We give only 25 percent because petitioner testified that he spent "under $6,000 [buying or renting equipment]. Maybe $6,000 total". Of the items purchased, some may have been items which had to be capitalized

For these reasons, and except as noted above, we sustain respondent's determination and disallowance of the claimed Schedule C deductions per the notice of deficiency.

III. <u>Overstatement of Income</u>

At trial petitioner alleged that the amount reported as wage income for his 1996 tax year was fabricated by Ms. Arrington and that the only income he earned during 1996 was from his landscaping business and was reported on Schedule C.

We are not required to consider issues that have not been pleaded. <u>Foil v. Commissioner</u>, 92 T.C. 376, 418 (1989), affd. 920 F.2d 1196 (5th Cir. 1990). Whether an issue has been properly raised depends upon whether the opposing party has been given fair notice of the matter in controversy. Rule 31(a). Rule 34 requires that the petition contain clear and concise assignments of each and every error alleged and statements of facts on which the petitioner relies to sustain each assignment of error. Petitioner did not raise the issue of an overstatement of income until trial, and respondent had no notice of this issue until then.

We recognize that petitioner is proceeding pro se and is not well versed in the law. But even if the issue were properly pleaded, he bore the burden of proving an overstatement of income

---

rather than expensed. Additionally, his testimony indicated he bought equipment in both 1995 and 1996.

and has failed to meet that burden. The record contains only petitioner's unsupported testimony. He did not attempt to explain why Ms. Arrington might have included wage income that he did not in fact earn or where those numbers might have come from. Nor did he call Ms. Arrington as a witness or as a pretrial matter alert respondent to the issue so that he could call Ms. Arrington or others to clarify the matter or find documents in his possible possession to do so. We also find unlikely petitioner's claim that he never glanced at his tax return before signing it. Notably, as with all individual Federal income tax returns, it was signed under penalties of perjury and constitutes an admission against interest here. See Doll v. Commissioner, T.C. Memo. 2005-269 (quoting Times Tribune Co. v. Commissioner, 20 T.C. 449, 452 (1953)). Consequently, we shall not reduce petitioner's taxable gross income from wages, salary, tips, etc., as reported on line 7 of his Form 1040 as to any portion of the $41,696 stated thereon.

IV. Section 6651 Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return on time unless it is shown that such failure is due to reasonable cause and not due to willful neglect. This addition to tax is in the amount of 5 percent of the tax required to be shown on the return for each month or fraction thereof until the return is filed, not to exceed 25 percent.

Respondent bears the burden of production with regard to the section 6651(a)(1) addition to tax. See sec. 7491(c);[8] Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet his burden, respondent must produce sufficient evidence establishing that it is appropriate to impose the addition to tax. See Higbee v. Commissioner, supra at 446. Petitioner bears the burden of proving that the failure to file was due to reasonable cause and not willful neglect. Id. at 447.

Petitioner filed his 1996 tax return in 2007, over 10 years late. Further, petitioner has not presented any evidence that his failure to file was due to reasonable cause and not willful neglect. Respondent has thus met his burden of production, and petitioner has not shown his failure to timely file was due to reasonable cause and not willful neglect. Accordingly, we sustain the addition to tax under section 6651(a)(1).

V.   Section 6662(a) Accuracy-Related Penalty

Respondent bears the burden of production with respect to petitioner's liability for the section 6662(a) penalty. See sec. 7491(c). This means that respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty" but "need not introduce evidence regarding reasonable cause, substantial authority, or similar provisions

_____

[8]See supra note 6.

* * * it is * * * [petitioner's] responsibility to raise those issues." Higbee v. Commissioner, supra at 446.

Section 6662(a) imposes an accuracy-related penalty of 20 percent on any underpayment that is attributable to causes specified in subsection (b). Respondent determined petitioner is liable for a substantial understatement of income tax. See sec. 6662(b)(2). An understatement is the excess of the amount of tax required to be shown on the return over the amount of tax actually shown on the return less any rebates. Sec. 6662(d)(2)(A). A substantial understatement of income tax occurs in any year where the amount of the understatement exceeds the greater of 10 percent of the amount required to be shown on the return or, in the case of individual taxpayers, $5,000. Sec. 6662(d)(1)(A). Respondent has met his burden of production.

Section 6664(c) provides for an exception to the accuracy-related penalty where a taxpayer can demonstrate (1) reasonable cause for the underpayment and (2) that the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c)(1). The determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs. To establish good faith reliance on the advice of a return preparer, a taxpayer must establish that (1) he gave the preparer complete and accurate information, (2) an incorrect return was a result of

the preparer's mistakes, and (3) he believed in good faith that he was relying on a competent return preparer's advice.  <u>Estate of Goldman v. Commissioner</u>, 112 T.C. 317, 324 (1999), affd. without published opinion sub nom. <u>Schutter v. Commissioner</u>, 242 F.3d 390 (10th Cir. 2000); see also <u>Neonatology Associates, P.A. v. Commissioner</u>, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002).

Petitioner filed his 1996 tax return over 10 years late.  He has produced no records to substantiate his reported Schedule C expenses or to show where the numbers on the Form 1040 might have come from.  He admits that the only information he gave Ms. Arrington was a Form 1099.  He blindly signed the Form 1040 under penalties of perjury without even making a cursory review of it.  Petitioner has failed to show that the reasonable cause and good faith exception applies.  Accordingly, we sustain the section 6662(a) accuracy-related penalty.

<u>Decision will be entered under Rule 155</u>.