T.C. Summary Opinion 2012-107

UNITED STATES TAX COURT

RICHARD GARCIA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16497-10S.                    Filed October 31, 2012.

Richard Garcia, pro se.

<u>Priscilla A. Parrett</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated April 15, 2010 (notice), respondent determined an $8,207 deficiency in petitioner's 2007 Federal income tax and imposed a $2,051.75 section 6651(a)(1) addition to tax and a $1,641.40 section 6662(a) accuracy-related penalty.  After concessions, we consider:  (1) whether petitioner is entitled to trade or business expense deductions claimed on a Schedule C, Profit or Loss From Business, in excess of the amounts now allowed by respondent; (2) whether the gross receipts reported on that Schedule C are overstated;[2] and (3) whether petitioner is liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found.  At the time the petition was filed, petitioner resided in California.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the year at issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

[2]This issue, raised for the first time by petitioner at trial, was tried by consent of the parties.  See Rule 41(b).

During 2007 petitioner worked as a truck driver for Garcia Ready Mix, Inc. He was paid $7,475 for doing so, and this amount is shown on a Form 1099-MISC, Miscellaneous Income, that the company issued to petitioner.

Also during 2007 petitioner was the sole proprietor of Rick's Roofing, through which he offered residential roof installation and repair services. Petitioner did not maintain separate books of account for the business, nor did he maintain a bank account in the name of the business. Sometimes petitioner's customers paid cash and sometimes they paid by check. Petitioner maintained several personal bank accounts during 2007, but he did not deposit all business receipts into one or the other of those accounts; more often than not, checks received from customers were cashed at a local restaurant.

Some business expenses paid or incurred in the operation of Rick's Roofing were paid by checks drawn on petitioner's personal checking account, some business expenses were paid by charges to personal credit card accounts, and some were paid in cash.

Sometimes petitioner provided a potential customer with a written cost estimate of a prospective roof installation or repair on a form entitled "Proposal". Sometimes the estimate was given to the customer on a form entitled "Invoice". If the estimate was acceptable to the customer and the work was performed,

sometimes the written estimate, in effect, functioned as an invoice. Sometimes petitioner noted amounts paid for the job on the copy of the "Proposal" or "Invoice" forms; sometimes he did not. Sometimes the amount paid for a certain job varied from the amount estimated. One of Rick's Roofing's customers reported $10,485 paid to petitioner during 2007 on a Form 1099-MISC.

Petitioner maintained in a box copies of the various "Proposal" forms, "Invoice" forms, and other slips of paper generated in the operation of Rick's Roofing during 2007. The box of documents was provided to the paid income tax return preparer who prepared petitioner's 2007 Federal income tax return.

Petitioner's untimely 2007 Federal income tax return was filed on February 19, 2009 (original return). The Schedule C for Rick's Roofing included with the original return shows $54,360 of gross receipts, expense deductions that total $59,049, and a net loss of $4,689. "Materials" expenses totaling $32,098 are included in the deductions claimed on the Schedule C. The amount reported as gross receipts includes, among other income, the amount reported on the Form 1099-MISC that Garcia Ready Mix, Inc., issued to petitioner. The net loss from Rick's Roofing is taken into account in the negative $4,675 reported as petitioner's adjusted gross income on the original return.

The deficiency determined in the notice takes into account: (1) the disallowances of many of the deductions claimed on the Schedule C for Rick's Roofing; and (2) the effects upon petitioner's 2007 Federal income tax liability of the increase to his net earnings from self-employment caused by those disallowances. See secs. 164(f), 1401, 1402.

Petitioner submitted two amended returns after respondent selected the original return for examination. Both amended returns were prepared by the same income tax return preparer who prepared the original return, and both amended returns show changes to items reported on the Schedule C for Rick's Roofing included with the original return. Neither amended return was processed by respondent.

The first amended return, dated October 1, 2009, includes two Schedules C, one for Rick's Roofing and another on which the compensation that petitioner received from Garcia Ready Mix, Inc., is reported. As relevant here, the Schedule C for Rick's Roofing shows "corrected" gross receipts of $10,485 and a "corrected" deduction for "Materials" expenses of $4,800.

The second amended return, undated but mailed on October 21, 2010, includes a Schedule C for Rick's Roofing. This Schedule C shows "corrected" gross receipts of $24,860 and a "corrected" deduction for "Materials" expenses of

$12,895. As with the Schedule C included with the original return, the amount shown for gross receipts on the Schedule C included with the second amended return apparently includes the compensation that petitioner received from Garcia Ready Mix, Inc. The services that petitioner provided to Garcia Ready Mix, Inc., are unrelated to the business of Rick's Roofing.

## Discussion

### I. Rick's Roofing Deductions

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[3] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

_____

[3]Petitioner does not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

The parties have reached agreement with respect to all deductions attributable to Rick's Roofing with the exception of the deduction claimed for materials expense. According to petitioner, he is entitled to the materials expense deduction, that is, $32,098, as claimed on the Schedule C included with the original return because the expense relates to the trade or business of Rick's Roofing. See sec. 162. According to respondent, petitioner is entitled to a deduction of $7,014 for materials expenses. Respondent's amount follows a review of numerous receipts for various materials submitted to respondent's counsel before trial. The amount takes into account all receipts for materials that reasonably could be connected to a roofing business, even though petitioner did not necessarily associate a particular receipt with a particular job. Receipts showing sales to a purchaser other than petitioner, receipts showing purchases charged to a credit card account other than petitioner's, and receipts showing purchases for items petitioner acknowledged to be personal are not taken into account in respondent's analysis of an allowable deduction for materials expenses.

At trial petitioner maintained his entitlement to a deduction for materials expenses in the amount claimed on his original return even though amounts shown on the amended returns for that deduction were substantially less. Under the circumstances and in the absence of any bookkeeping system then in place for

Rick's Roofing, we have little confidence that petitioner could accurately compute the amount of the deduction for materials expenses to which he might be entitled. After careful review of the evidence submitted, we have far more confidence in the allowable deduction respondent proposed. Petitioner has failed to establish that he is entitled to a deduction for materials expenses in excess of that amount.

## II. Gross Receipts for Rick's Roofing

According to petitioner, the amount reported as gross receipts on the Schedule C attached to the original return includes amounts shown not only on invoices, but on proposals as well. According to petitioner, both types of documents were included in the box that he provided to his return preparer, and according to petitioner, she mistakenly totaled the amounts in the computation of gross receipts shown on the Schedule C included with the original return. Petitioner explained that he did not become aware of the mistake until after the notice was issued and the submissions of the amended returns were his attempts to correct it.

We have little confidence that the proper amount of gross receipts for Rick's Roofing can now be computed. Petitioner's records certainly do not allow for an accurate computation; the amounts shown on the three Schedules C included in the record (at least one that inappropriately includes the income shown on the Form

1099-MISC, from Garcia Ready Mix, Inc.)[4] are not consistent, much less certain; and petitioner's failure to deposit all business receipts into one of his bank accounts hardly supports his claim that gross receipts shown on the Schedule C included with the original return are overstated. Furthermore, evidence suggesting an overstatement of gross receipts attributable to one customer is offset by inferences of unreported receipts raised from the combination of his failure to keep any books of account for the business and his practice of cashing customer checks at a local restaurant rather than depositing the checks into one of his bank accounts.

A taxpayer claiming that income reported on a Federal income tax return has been overstated has the burden to prove that claim. See Bell v. Commissioner, T.C. Memo. 2011-296. This petitioner has failed to do.

III. Accuracy-Related Penalty

Section 6662(a) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's negligence, disregard of rules or regulations, or substantial understatement of income tax. Sec. 6662(a) and (b)(1)

---

[4]Following the parties' lead, we ignore the Federal income tax implications of incorrectly reporting the income from the Form 1099-MISC, from Garcia Ready Mix, Inc., on the Schedule C for Rick's Roofing.

and (2).[5]  "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, including any failure to keep adequate books and records or to substantiate items properly.  See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  A "substantial understatement" includes an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  See sec. 6662(d)(1)(A); sec. 1.6662-4(b), Income Tax Regs.

Respondent bears the burden of production with respect to the imposition of the section 6662(a) accuracy-related penalty.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  On his original return petitioner claimed deductions for expenses that he is unable to substantiate.  See sec. 1.6662-3(b)(1), Income Tax Regs.  Furthermore, the underpayment of tax required to be shown on that return is a substantial understatement of income tax because the understatement exceeds $5,000.  See sec. 6662(b)(2), (d)(1).  Respondent's burden of production under section 7491(c) has been satisfied.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause

---

[5]In this case, the deficiency, underpayment of tax, and understatement of tax are all computed in the same manner.  See secs. 6211, 6662(d)(2), 6664(a).

for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. It is petitioner's burden to establish that he acted in good faith and that there was reasonable cause for the underpayment. See Higbee v. Commissioner, 116 T.C. at 449; see also Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Under certain circumstances, a taxpayer's reliance upon professional advice may establish the taxpayer's "reasonable cause" and "good faith" with respect to an underpayment of tax if the taxpayer establishes that: (1) the professional was provided with complete and accurate information, (2) an incorrect return was a result of the preparer's mistakes, and (3) the taxpayer demonstrates good-faith reliance on a competent professional. See Estate of Goldman v. Commissioner, 112 T.C. 317, 324 (1999), aff'd without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000); see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Although petitioner's return was prepared by a paid income tax return preparer, petitioner has failed to establish that he provided his return preparer with

complete and accurate information with respect to the deductions claimed on the Schedule C included with the original return.  Accordingly and otherwise, petitioner failed to establish that he acted in good faith with respect to any portion of the underpayment of tax and that any portion of the underpayment is due to reasonable cause.  Petitioner is liable for the section 6662(a) accuracy-related penalty, and respondent's imposition of that penalty is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.